# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WEIMIN CHEN, for himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>SIERRA TRADING POST, INC., and DOES 1-20 inclusive,<br><br>  Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

**TO:** **THE CLERK OF THE ABOVE-CAPTIONED COURT**

**AND TO:** **WEIMIN CHEN, Plaintiff;**

**AND TO:** **DANIEL M. HATTIS of HATTIS & LUKACS, Attorneys for Plaintiff:**

**PLEASE TAKE NOTICE** that defendant Sierra Trading Post, Inc. ("STP") hereby provides notice of the removal to the United States District Court for the Western District of Washington of the following action filed on October 5, 2018, in the King County Superior Court: *Chen v. Sierra Trading Post, Inc.*, Case No. 18-2-25019-6 SEA (the "State Court Action").  The following is a short, plain statement of the grounds for removal.  *See* 28 U.S.C. § 1446(a).

## I. DESCRIPTION OF THE ACTION

Plaintiff Weimin Chen ("Plaintiff") filed a Complaint in the State Court Action on October 5, 2018, and served the Complaint on STP on October 9, 2018.  The claims against STP arise out of STP's purported use of allegedly false reference prices in its product advertisements

NOTICE OF REMOVAL - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

444444.2874/7462217.1

online and in stores in Washington state. Plaintiff purports to act on behalf of a putative class of "[a]ll persons who purchased in the State of Washington within the applicable limitations period from Sierra Trading Post, Inc., one or more products which Sierra Trading Post, Inc., advertised or promoted by displaying or otherwise disseminating a reference price or discount." *Complaint* at ¶ 94. The Complaint asserts the following causes of action: (a) violation of the Washington Consumer Protection Act, RCW Chapter 19.86; (b) breach of express warranty, RCW 62A.2-313; (c) permanent public injunctive relief, RCW § 19.86.093; and (d) relief under the Uniform Declaratory Judgments Act, RCW 7.24. *Id.* at 28-35.

The nature of the action is more fully stated in the Complaint, a true and correct copy of which is attached hereto as Exhibit A. A true and correct copy of Plaintiff's Demand for Jury Trial is attached hereto as Exhibit B.

## II.   BASIS FOR REMOVAL

The Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA provides that federal courts have original jurisdiction and removal jurisdiction in class actions where (a) minimal diversity of citizenship exists; (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (c) the primary defendants are not states, state officials or government entities against whom the federal court may be foreclosed from ordering relief; and (d) there are more than 100 people in the putative class. 28 U.S.C. § 1332(d)(2); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). As set forth below, this action is removable under CAFA.

**A.   Diversity Of Citizenship Exists**

Diversity of citizenship is established under CAFA for "a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant … ." 28 U.S.C. § 1332(d)(2). Thus, only minimal diversity is required, and is satisfied where the sole named class member plaintiff is a citizen of a state different from the sole named defendant.

Minimal diversity is met here. Plaintiff was a resident and citizen of the State of Washington at the time of filing of the Complaint and at all times relevant to the action.

NOTICE OF REMOVAL - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

444444.2874/7462217.1

*Complaint* at ¶ 14.  Further, as of the time of filing of this action and today, STP is a Wyoming corporation with its corporate headquarters in Framingham, Massachusetts; STP's principal operations are not based in Washington.  *See Complaint* at ¶ 15; Declaration of Tyler Sparrow ("Sparrow Declaration") at ¶ 3.  Thus, STP is ***not*** a citizen of Washington and, therefore, minimal diversity exists because the sole named plaintiff and sole named defendant are citizens of different states.  *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     The Amount In Controversy Exceeds $5,000,000**

Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  "In determining the amount in controversy, courts first look to the complaint.  Generally, the sum claimed by the plaintiff controls" for purposes of determining CAFA removal jurisdiction.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *cf. Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the party seeking removal must "prove with legal certainty" the amount in controversy only when the state court complaint affirmatively alleges an amount in controversy *less than* the jurisdictional threshold).

Plaintiff prays, *inter alia*, "[f]or damages, including actual damages to Plaintiff and the Class in an amount to be determined at trial but which is more than $100,000 and which is estimated to be approximately $23 million." *Complaint* at 35 ¶ B.  Plaintiff additionally requests additional damages up to an amount not to exceed three times the actual damages sustained, disgorgement or restitution of all revenues, profits and/or unjust enrichment obtained by Defendant directly or indirectly, and nominal damages, in addition to attorneys' fees and costs of complying with various prayed-for measures of injunctive relief.  *Id.* at 35-36 ¶¶ C-K, O.  These figures combined result in an amount prayed for in the Complaint that exceeds $5,000,000.

**C.     Class Size Exceeds 100 Class Members**

Plaintiff alleges in the Complaint that, while he does not know the exact number of potential class members, he "is informed and believes that the Class easily comprises 10,000

NOTICE OF REMOVAL - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

444444.2874/7462217.1

Washington State residents and could, by the date of entry of Judgment, number in excess of 20,000 Washington State residents." *Complaint* at ¶ 96.  Because there is no dispute that the putative class—as currently defined by Plaintiff on the face of the Complaint—includes more than 100 people, the class size requirement of CAFA is met.

**D.     Defendant Is A Private Entity**

Defendant is "a corporation chartered under the laws of the state of Wyoming." *Complaint* at ¶ 15.  Thus, as disclosed on the face of the Complaint, Defendant is not a state, state official, or governmental entity.  *See* 28 U.S.C. § 1332(d)(5).  Accordingly, the defendant's legal status does not defeat removal jurisdiction.

### III.     THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

A case may be removed within thirty days of formal service on the removing defendant. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, (1999) (30-day time period in which to remove triggered by date of formal service, not date when "courtesy copy" was faxed to defendant).  Service of summons was made on an agent of defendant STP in the state of Washington on October 9, 2018.  *See* Ex. A.  This Notice of Removal is therefore timely because it is filed within thirty days of formal service on STP.

Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the State Court Action was filed and is pending in the Seattle Case Assignment Area of the Superior Court for King County, which is within this district.

Pursuant to 28 U.S.C. § 1446(d), STP is simultaneously submitting filings and giving appropriate notice to the State court and to the Plaintiff of this removal. Furthermore, STP will comply with Western District of Washington Local Rule 101(c) and submit a verification of state court records within fourteen days of this filing.

There are no other named defendants whose consent would be required for removal. *See* 28 U.S.C. § 1453(b).

NOTICE OF REMOVAL - 4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

444444.2874/7462217.1

## IV. CONCLUSION AND REQUESTED RELIEF

For all the reasons set forth above, STP requests that the State Court Action pending before the Superior Court of the State of Washington for the County of King be removed to the United States District Court for the Western District of Washington as if originally filed herein.

DATED this 29th day October 2018.

| LANE POWELL PC | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
|---|---|
| By: */s/ Rudy A. Englund*<br>Rudy A. Englund, WSBA No. 04123<br>englundr@lanepowell.com | By: */s/ P. Craig Cardon*<br>P. Craig Cardon, Cal. Bar No. 168646<br>*Pro Hac Vice to be Submitted*<br>ccardon@sheppardmullin.com |
| By: */s/ Erin M. Wilson*<br>Erin M Wilson, WSBA No. 42454<br>wilsonem@lanepowell.com | By: */s/ Jay T. Ramsey*<br>Jay T. Ramsey, Cal. Bar No. 273160<br>*Pro Hac Vice to be Submitted*<br>jramsey@sheppardmullin.com |
| Lane Powell, PC<br>PO Box 91302<br>1420 Fifth Avenue, Suite 4200<br>Seattle, WA  98111-9402<br>Tel: 206.223.7000<br>Fax: 206.223.7107 | Sheppard, Mullin, Richter & Hampton, LLP<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, California 90067-6055<br>Phone 310.228.3700<br>Fax 310.228.3701 |
| Attorneys for Defendant Sierra Trading Post, Inc. | Attorneys for Defendant Sierra Trading Post, Inc. |

NOTICE OF REMOVAL - 5

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

444444.2874/7462217.1

## **CERTIFICATE OF SERVICE**

I, hereby certify under penalty of perjury of the laws of the State of Washington that on the 29th day of October 2018, I caused to be served a copy of the attached document to the following person(s) in the manner indicated below at the following address(es):

| | |
|---|---|
| Daniel M. Hattis<br>Hattis & Lukacs<br>PO Box 1645<br>Bellevue, WA  98009<br>dan@hattislaw.com | ☑ by CM/ECF<br>☑ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 29th day of October 2018.

*Amanda Lund*
_____
Amanda Lund

NOTICE OF REMOVAL - 6

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

444444.2874/7462217.1